UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

    Plaintiff,

vs.

VENDOR RESOURCE
MANAGEMENT, *et al.*,

    Defendants.

Case No. 3:21-cv-262

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING THE RULE 12(b)(6) MOTION TO DISMISS FILED BY DEFENDANT VENDOR RESOURCE MANAGEMENT (Doc. No. 10); (2) DISMISSING WITH PREJUDICE *PRO SE* PLAINTIFF JAMES E. WASHINGTON'S CLAIMS AGAINST DEFENDANT VENDOR RESOURCE MANAGEMENT; AND (3) CERTIFYING THAT ANY APPEAL OF THIS ORDER WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT PLAINTIFF SHOULD BE DENIED *IN FORMA PAUPERIS* STATUS ON APPEAL**

---

    This civil case is before the Court on a Fed. R. Civ. P. 12(b)(6) motion by Defendant Vendor Resource Management ("VRM") to dismiss *pro se* Plaintiff James E. Washington's claims against it. Doc. No. 10. Plaintiff responded (Doc. No. 15), and VRM replied (Doc. No. 16), so this matter is ripe for review.

    **I.**    **BACKGROUND**

    Plaintiff, proceeding *pro se*, brought this case against VRM as well as the Indianapolis[1] Regional Office of the U.S. Department of Veterans Affairs; Raine & Company, LLC; and the U.S. Department of Housing and Urban Development's Office of Fair Housing and Equal

---

[1] The Court questions whether it has jurisdiction over this Indiana party but, as that party did not file a motion to dismiss, that concern is not relevant to this order.

Opportunity.[2]  Doc. No. 2, PageID 20.  Given his *pro se* status, all of Plaintiff's filings are liberally construed in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Plaintiff, an African American realtor, alleges Defendants violated the 1871 Civil Rights Act[3] by releasing the addresses of foreclosed homes only to white realtors, depriving him of the opportunity to sell these homes.  Doc. No. 2, PageID 21-22.  He states that this has cost him hundreds of thousands of dollars in income and sales commissions over the last three years and requests $300,000 in actual damages and $500,000 in punitive damages.  *Id.* at 23.

VRM moves this Court to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  Doc. No. 10, PageID 52.  VRM argues that Plaintiff's claims are subject to *res judicata* because Plaintiff previously sued VRM (in the "Prior Case") based on the same alleged facts.  Doc. No. 10, PageID 53.  In the Prior Case, Plaintiff, again proceeding *pro se*, claimed that VRM committed "Title VII 1964 Civil Rights Violations," among other claims, and sought to recover compensation and lost revenue for alleged discriminatory conduct.  *Washington v. Vendors Res. Mgmt.*, No. 3:19-cv-402, 2020 WL 1814139, at *1 (S.D. Ohio Apr. 9, 2020).  This Court dismissed the Prior Case, holding that Plaintiff failed to exhaust his administrative remedies, failed to allege facts sufficient to make a *prima facie* finding of discrimination, and failed to specifically identify any discriminatory conduct in which the defendants engaged.  *Washington v. Vendors Res. Mgmt.*, No. 3:19-cv-402, slip op. at 1-2 (S.D. Ohio Feb. 2, 2021) (also available at Doc. No. 10-3, PageID 76-77).

---

[2] The latter two Defendants appeared (Doc. No. 8), but asserted that they were improperly served (Doc. No. 9) and did not join this motion or otherwise move to dismiss under Fed. R. Civ. P. 12(b).

[3] VRM states that Plaintiff's claim should be interpreted as a claim under 42 U.S.C. §§ 1983, 1985, and 1986.  Doc. No. 10, PageID 55 n. 2.  Because *res judicata* claims require examining the underlying facts at issue, not necessarily the claimed legal grounds, the Court need not analyze this issue.  *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006) (holding that the plaintiff's claims were precluded because the allegations stemmed "from the same transaction, or series of transactions" as an earlier case).

In the present case, VRM asserts that Plaintiff's current theory of relief is identical to the theory he raised in his Prior Case. Doc. No. 10, PageID 55. Therefore, VRM reasons, the specific claims Plaintiff brings in the instant case should have been raised in the Prior Case, and because he failed to raise them, *res judicata* bars him from bringing them now and prevents Plaintiff from obtaining relief in the instant case. *Id.*

II.     STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12 (b)(6) tests the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," and, as stated above, is liberally construed. *Erickson*, 551 U.S. at 94 (citing *Estelle*, 429 U.S. at 106); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The Court must view the complaint in a light most favorable to the plaintiff, accept all allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *See Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017); *Gavitt v. Born*, 835 F.3d 623, 640-41 (6th Cir. 2016).

III.    LAW AND ANALYSIS

For the following reasons, the Court agrees with VRM that *res judicata* bars Plaintiff from

bringing these claims against it again. Thus, Plaintiff has no potential for relief and his claims must be dismissed.

"Pursuant to the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)) (italics added). The doctrine exists "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate[,] protects [] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 153–54. *Res judicata* applies if the following elements are met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

### A. Final Decision on the Merits

The first element, a final decision on the merits, applies to a judgment "that signifies the 'death knell' of the litigation[,] [by] permanently foreclos[ing] a party from further advancing a claim or defense." *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003) (citing *Wilkins v. Jakeway*, 183 F.3d 528, 534 (6th Cir. 1999)).

In Plaintiff's Prior Case, this Court granted VRM's motion to dismiss, "permanently foreclos[ing]" Plaintiff from advancing his case. *See id.* The Court found that Plaintiff "fail[ed] to identify with any specificity the purported discriminatory conduct[.]" *Washington*, slip op. at 1-2 (also available at Doc. No. 10-3, PageID 76-77). "It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits unless

4

the court specifies otherwise." *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988). Because this Court did not specify otherwise, the Prior Case became a final decision on the merits. *See id.*; *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977).

### B. Same Parties or Privies

The second *res judicata* element, same parties or privies, encompasses the principle that "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Martin v. Wilks*, 490 U.S. 755, 761 (1989) (citing *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). While the privity standard now extends to parties who were adequately represented by other parties, *see Richards v. Jefferson Cnty.*, 517 U.S. 793, 798-99 (1996) ("[T]he term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term"), no privity analysis is necessary here. Plaintiff sued VRM, specifically, in both the present case and the Prior Case. Doc. No. 2, PageID 20; *Washington*, slip op. at 1 (also available at Doc. No. 10-3, PageID 76). Therefore, the second element of *res judicata* is met. *See Wilkins*, 183 F.3d at 534; *Bean v. Sundquist*, 22 F. App'x 492, 493-94 (6th Cir. 2001).

### C. Issues Were, Or Should Have, Been Litigated Previously

The third *res judicata* element asks whether the issues Plaintiff raises here were, or should have been, litigated in the Prior Case. *Bittinger*, 123 F.3d at 880. "The central purpose of claim preclusion is to prevent the 'relitigating of issues that were or could have been raised in a prior action.'" *Mitchell*, 343 F.3d at 824 (quoting *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981)) (dismissing the claims in the plaintiff's second case that alleged the same facts and issues as in his first case). *See also Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (dismissing the second case because when the plaintiff brought the first case, he could have

5

"taken the next step and alleged (based on these same facts)" the second case's claims).

Plaintiff, in the present case, complains that he was denied access to the addresses of foreclosed homes now on the market, depriving him of the ability to sell these homes and earn commissions. Doc. No. 2, PageID 22-23. Plaintiff's complaint in his Prior Case relied on the same substantive allegations: that the defendants prevented him from accessing a list of foreclosed properties for sale. Doc. No. 10-2, PageID 70. The third element is met because Plaintiff raises the same issues that he already litigated in the Prior Case. *See Mitchell*, 343 F.3d at 824.

### D. Identity of Facts

The final element of *res judicata* requires "an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Both of Plaintiff's cases—his Prior Case and the instant case— rely on the same claim: alleged discrimination in access to real estate listings. Doc. No. 2, PageID 22-23; Doc. No. 10-2, PageID 70.

That Plaintiff classified the Prior Case as raising Title VII violations and the instant case as raising 1871 Civil Rights Act violations does not affect the *res judicata* analysis because this analysis considers "the underlying transaction that gave rise to those injuries." *Wheeler*, 807 F.3d at 767. "The fact that the plaintiff now asserts alternative theories of recovery . . . does not allow him to avoid claim preclusion, when these other theories could have been asserted . . . in the earlier action." *Hamilton v. State Farm Fire & Cas. Co.*, No. 96-4141, 1997 WL 664772, at *2 (6th Cir. Oct. 23, 1997); *see also Rawe*, 462 F.3d at 529 (6th Cir. 2006) (relying on *Hamilton* to hold that claim preclusion was justified when a second case arose from the same underlying events as a first case). The fourth element is satisfied in the present case because Plaintiff bases his alleged injury on the same factual allegations he claimed in his Prior Case. *Cf. Comm'r v. Sunnen*, 333 U.S. 591,

6

597 (1948) ("The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties *upon any ground whatever*, absent fraud or some other factor invalidating the judgment.") (emphasis added).

## IV.    CONCLUSION

The Court therefore **GRANTS** VRM's motion to dismiss (Doc. No. 10) and **DISMISSES WITH PREJUDICE** Plaintiff's claims against VRM.  The Court also **CERTIFIES** that any appeal of this order would be objectively frivolous and **FINDS** that Plaintiff should be denied *in forma pauperis* status on appeal.

**IT IS SO ORDERED.**

  February 22, 2023                                  s/Michael J. Newman
                                                               Hon. Michael J. Newman
                                                               United States District Judge