UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

    Plaintiff,

vs.

VENDOR RESOURCE
MANAGEMENT, *et al.*,

    Defendants.

Case No. 3:21-cv-262

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) FINDING THAT *RES JUDICATA* BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS INDIANAPOLIS REGIONAL OFFICE OF THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; RAINE & COMPANY LLC; AND THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, OFFICE OF FAIR HOUSING AND EQUAL OPPORTUNITY; (2) DISMISSING THIS CASE WITH PREJUDICE; AND (3) TERMINATING THE CASE ON THE COURT'S DOCKET**

---

In this civil case, brought *pro se* by Plaintiff James E. Washington, the Court previously granted Defendant Vendor Resource Management's ("VRM") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 17. The dismissal of VRM leaves several remaining Defendants—namely, the Indianapolis Regional Office of the United States Department of Veterans Affairs; Raine & Company LLC; and the United States Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity ("the remaining Defendants"). Doc. No. 2, PageID 20. Although the remaining Defendants have not filed a Rule 12(b)(6) motion, or other dispositive motion, the fact that Plaintiff has previously filed meritless cases in this Court concerning the same or similar issues warrants review and consideration of his claims in the instant case against the remaining Defendants. *See James E. Washington v. Dayton Area Bd. of Realtors, et al.*, No. 3:21-cv-253 (S.D. Ohio May 19,

2022) (Doc. No. 20); *see also James E. Washington v. Vendors Res. Mgmt., et al.*, No. 3:19-cv-402 (S.D. Ohio Feb. 3, 2021) (Doc. Nos. 71, 72, 98).

Upon review and consideration—and construing Plaintiff's *pro se* complaint liberally in his favor and accepting his factual allegations as true, *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018)—it is readily apparent that the Court's prior *res judicata* analysis in the Order granting VRM's motion to dismiss applies equally to Plaintiff's claims against the remaining Defendants. Doc. No. 17 at PageID 167-71. Perhaps most obvious among the four applicable elements of *res judicata* is that Plaintiff could have brought his present claims against the remaining Defendants in his prior-filed case against VRM. *See id*. at 169-70; *see also Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003) ("The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." (cleaned up)). This, together with the Court's previous analysis of the other elements of *res judicata*, produce the same result as to the remaining Defendants: *res judicata* bars Plaintiff's claims against them. *See id*. at 167-71 (and cases cited therein).

Accordingly, Plaintiff's claims against the remaining Defendants are **DISMISSED WITH PREJUDICE**. The case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

July 9, 2024                           s/*Michael J. Newman*
                                       Hon. Michael J. Newman
                                       United States District Judge